## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-81229-CIV-MARRA/MATTHEWMAN

ALEJANDRO ZENDEJAS,

      Plaintiff,

v.

EUGENIE H. REDMAN,
COLIN J. SYQUIA and
SIMON NIZRI,

      Defendants.

_____/



FILED by ____ D.C.

JUL 2 4 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER AWARDING ATTORNEY'S FEES TO DEFENDANTS SYQUIA AND REDMAN AND AGAINST PLAINTIFF

THIS CAUSE is before the Court upon Defendants, Eugenie H. Redman and Colin J. Syquia's ("Defendants") request for attorney's fees and Affidavits [DE 181, 182] in relation to Defendants' Motions for Protective Order and to Quash Third Party Subpoenas [DEs 169, 171]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 40. Plaintiff, Alejandro Zendejas ("Plaintiff") filed a Response [DE 183]. Defendant Syquia filed a Reply [DE 184], in which Defendant Redman joined [DE 185]. The matters are now ripe for review.

### I.     BACKGROUND

According to the Complaint [DE 57], Plaintiff acquired the horse "Vorst" for his son, a champion rider who competes at the Grand Prix level of equestrian show jumping. [DE 57, ¶ 2]. Plaintiff discovered, after the purchase and sale of the horse, the horse's adverse medical history which was not disclosed by Defendants, as well as the undisclosed history of the horse refusing

to jump in competition.  [DE 57, ¶ 4].

The fact discovery deadline in this case was March 7, 2017.  [DE 40, p. 2].  On May 31,

2017, more than two months after the fact discovery deadline passed, Plaintiff served subpoenas

on third parties to obtain insurance documents.  *See* DE 169-2.  Plaintiff also filed a Motion to

Reopen Limited Discovery [DE 164] in relation to the insurance documents; however, the Court

denied this Motion on June 13, 2017.  *See* DE 174.  In its Order, the Court found that "[Plaintiff]

Zendejas knew of the insurance policy, knew of the carrier, and knew of the appraisal no later

than December 9, 2016, the date of Redman's deposition," and therefore an attempt to reopen

discovery two months after the discovery deadline was not justified.  [DE 174, p. 5].

Based on the Court's finding, as well as the undersigned's independent review, the

undersigned found that Defendants established good cause for a protective order.  [DE 180, p. 3].

Thus, the Court granted Defendants' Motion for Protective Order, as well Defendants' request

for expenses.  [DE 180, pp. 4-5].[1]

On June 28, 2017, Sarah Cortvriend, counsel of record for Defendant Redman, filed an

Affidavit [DE 181], pursuant to the Court's Order, seeking $7,681.05 in attorney's fees.  [DE

181, p. 4].  Defendant Redman emphasized the work in researching, drafting, and filing

Redman's Motion for Protective Order and replying to Plaintiff's Response to the Motion.  [DE

181, p. 2].  On June 29, 2017, Colleen L. Smeryage, counsel of record for Defendant Syquia,

also filed an Affidavit in Support of Request for Attorney's Fees [DE 182], seeking $5,714.00 in

attorney's fees.  [DE 182, p. 4].  Defendant Syquia emphasized that the work in drafting the

Motion for Protective Order and Reply in Support was significant due to the "potential additional

---

[1] The Court did not impose an award of costs and attorney's fees as a sanction for any misconduct by Plaintiff or his counsel, but rather as fee-shifting under Federal Rule of Civil Procedure 37(a)(5)(A).

fees and expenses that Mr. Syquia would have incurred in the event that additional discovery was undertaken, as well as the fees and expenses associated with a potential extension of pretrial deadlines or a delayed trial." [DE 182, p. 2].

On July 3, 2017, Plaintiff filed his Opposition to the Affidavits of Costs of Redman and of Syquia [DE 183]. Plaintiff argues that the Affidavits of costs filed by Defendant Redman and Syquia requested fees for unnecessary and duplicative work. [DE 183, p.3] Plaintiff claims the work of Defendant Syquia's counsel in researching and drafting a second duplicative motion instead of joining Defendant Redman's already filed Motion for Protective Order was unnecessary. *Id.* Thus, according to Plaintiff, any fees related to the third party subpoenas after June 13, 2017, should be reduced. Plaintiff also claims that on June 13, 2017 he advised Defendants via email that the third party subpoenas had been withdrawn. [DE 183, p. 4]. Therefore, Plaintiff argues that all legal work by Defendants' counsel after that date was superfluous. *Id.* Plaintiff contends that counsel for Defendants accrued 17.9 hours of "unnecessary legal work related to the inexistent Third Party Subpoenas." *Id.* According to Plaintiff, the Affidavit of Ms. Symerge should be given less weight because she has been admitted to the Bar for less than five years. [DE 183, p. 6]. In conclusion, Plaintiff claims that Defendant Syquia's fee request should be reduced by 50.26% and Defendant Redman's fee request should be reduced by 49.11%. [DE 183, p. 7].

In reply [DE 184], Defendant Syquia, later joined by Defendant Redman [DE 185], first argues that, although Syquia and Redman had overlapping grounds to move for a protective order, their arguments differed in many ways. [DE 184, p. 2]. Defendants claim that Defendant Redman had substantive privilege arguments available based on the interest in the documents sought by Plaintiff, while Syquia argued on his right as a party to seek enforcement of the

3

Court's scheduling order and pre-trial deadlines, as well as having a significant monetary interest in advancing the case toward trial. *Id.* Additionally, Defendants assert that it was necessary for Syquia to file a reply brief when Plaintiff withdrew the original third party subpoenas only to then issue trial subpoenas, seeking the same information as the original. [DE 184, pp. 2-3].

Next, Defendants counter Plaintiff's argument that Defendant Syquia's Affidavit should be afforded less weight because it was not supported with a fee expert. [DE 184, p. 3]. According to Defendants, the Affidavit was done in accordance to with the Court's Order [DE 180], and an expert is not necessary to support a fee request in federal court because "the court…itself [is] an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Id.*

Defendants also claim that Plaintiff offered no explanation as to exactly which entries he viewed as unnecessary or duplicative. [DE 183, p. 4]. Defendants state that the Eleventh Circuit has ruled previously that "objections and proof from fee opponents concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* According to Defendants, because Plaintiff fails to explain particularly why he objects to 50.26% of Syquia's attorneys' time entries and 49.11% of Redman's time entries, and fails to address any individual time entry, Plaintiff is not entitled to the reduction he seeks. [DE 184, p. 4].

## II.   DISCUSSION

### A.   Whether Defendants are Entitled to Attorneys' Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). However, Federal Rule of Civil Procedure 37 requires

4

courts to award the reasonable attorney's fees to a party whose motion for protective order is granted. Fed.R. Civ. P. 37(a)(5)(A). Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)  other circumstances make an award of expenses unjust.

In the case at hand, the Court granted Defendants' Motions for Protective Order and to Quash Third Party Subpoenas because Plaintiff failed to adhere to the Court's fact discovery deadline. *See* DE 180. Further, the Court found that Defendants conferred in good faith with Plaintiff, Plaintiff's responses in opposition to the Motions were not substantially justified, and there were no other circumstances which would make an award of expenses unjust. [DE 10, pp. 4-5]. Thus, Rule 37(a)(5)(A) requires an award of expenses in favor of Defendants.

### B. Calculation of the Attorneys' Fees Award to Defendants

In determining the amount of attorney's fees to be awarded, courts apply a three-step process which requires that courts (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006). A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union*

5

*v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See id.* (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *Id.* at 427. The Court may also use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to

6

> show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."

168 F.3d at 427 (citations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *Id.* at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). The burden rests on the prevailing party to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F.3d at 427 (stating that objections from fee opponents must be to be specific and "reasonably precise"); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents.")

i.   *Counsel's Hourly Rate*

In seeking reimbursement for his attorney's fees, Defendant Syquia relies on the billing records of his attorney, Colleen L. Smeryage, Esq., who charges $295 an hour, and Patricia A. Leonard, Esq., who charges $395 an hour (a discounted rate from her standard hourly rate of $520). [DE 182, p. 2]. Defendant Syquia provided the Affidavit of Colleen L. Smeryage [DE 182] in support of her request for attorney's fees. Ms. Smeryage attested that her hourly rate of

$295 is reasonable based on her five years' experience handling complex commercial litigation disputes before federal and state courts. *Id.* As to Ms. Leonard, her hourly rate of $395.00 (discounted in this case from $520.00 per hour), is based on nearly twenty-two years' experience handling complex commercial litigation disputes before numerous federal and state courts. *Id.*

Defendant Redman relies on the billing of her attorney, Sarah Cortvriend, Esq., who charges $454.50 an hour. [DE 181, p. 1]. Defendant Redman also provided an Affidavit in support of her request for attorney's fees. *Id.* Ms. Cortvriend, a shareholder of Carlton Fields Jorden Burt, P.A., attested that her hourly rate of $454.50 arises from more than thirteen years' experience handling complex commercial litigation disputes, primarily before federal and state courts in South Florida. [DE 181, pp. 1-2].

First, the Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F.Supp.2d 1349, 1363-64 (S.D. Fla. 2010). After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F. 2d at 1303 (citations omitted). Therefore, the Court will not give less weight to the affidavits of Defendants' counsel. However, lack of evidence supporting the requested rates "is sufficient justification for reducing the requested fee award." *Tiara*, 697 F.Supp.2d at 1364.

The Court has considered the two Affidavits, the supporting evidence, and the *Johnson* factors. Based upon the Court's own knowledge and experience, the Court concludes that a $250.00 hourly rate is a reasonable rate for Defendant Syquia's counsel, Ms. Smeryage, an associate with five years' experience in complex commercial litigation. *See Flagstar Bank, FSB v. A.M. Hochstadt*, 08–80795–CIV, 2010 WL 1226112, *5 (S.D. Fla. Mar. 4, 2010), *adopted by*,

08–80795–CIV, 2010 WL 1257680 (S.D. Fla. Mar. 26, 2010) (finding $250 to be a reasonable hourly rate for work done by an attorney with eight years' experience). Also, although Ms. Leonard's $395.00 hourly rate is high, she only spent .5 hours on the matter and she is a partner with twenty-two years' experience in complex commercial litigation. *See Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-81157-CIV, 2013 WL 6729648, *2 (S.D. Fla. Aug. 2, 2013) (finding $400.00 to be a reasonable hourly rate in responding to a motion for protective order for a partner with twenty-five years' experience).

As for Defendant Redman's counsel, the Court concludes that Ms. Cortvriend's $454.50 hourly rate is high, compared to the range of rates currently charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. *See Bivins,* at 1350, n. 2. Instead, an hourly rate of $350.00 for Ms. Cortvriend is a reasonable and suitable alternative that most closely approximates a rate for a competent and reasonably priced lead partner in this market who could successfully handle a motion for protective order. *See Squire v. Geico General Ins. Co.,* No.12-23315-CIV, 2013 WL 474705, *4-5 (S.D. Fla. Feb. 7, 2013) (reducing hourly rate for attorney with eleven years' experience from $500.00 to $325.00).

Based on the qualifications of counsel and other relevant factors, this Court finds that Ms. Smeryage's reduced hourly rate of $250.00, Ms. Leonard's hourly rate of $395.00, and Ms. Cortvriend's reduced hourly rate of $350.00 are reasonable.

*ii.    Number of Hours Reasonably Expended*

Next, the Court must determine whether the number of hours billed were reasonable. Defendants each filed a Motion for Protective Order and to Quash Third Party Subpoenas [DEs 169, 171] and a Reply to Motion for Protective Order and to Quash Third Party

Subpoenas [DEs 178, 179].  Defendant Syquia's counsel asserts that the total number of hours spent on this matter was 19.2 hours.  [DE 182, pp. 2-3].  Defendant Redman's counsel asserts that the total number of hours spent on this matter was 16.9 hours.  [DE 181, pp. 3-4].

As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means that attorneys must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.*

The Court has carefully reviewed the time entries.  First, both Defendants' Motions for Protective Order were approximately five pages in length each and did not contain any complex arguments, and each of their Replies were approximately five pages in length.  Therefore, the amount of time billed appears to be excessive.  The Court finds that the total amount of time spent on researching and preparing the Motions for Protective Order and Replies is simply too much.  *See Sonya Gossard*, 2009 WL 10668186 at *2 (reducing the amount of attorney's fees in connection with drafting a motion for protective order by 40% for excessiveness).

Second, some of the billing entries appear to be duplicative.  For example, Defendant Redman's counsel and Defendant Syquia's counsel billed multiple entries for legal research that is duplicative.  *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ, 2009 WL 1871685, *7 (S.D. Fla. June 29, 2009).

Third, the time entries of Defendant Syquia's attorney, Ms. Leonard appear to be unnecessary and redundant of Ms. Smeryage's time entries.  It appears that Ms. Leonard was merely overseeing Ms. Smeryage on this matter because all her entries indicate that she "worked with" Ms. Smeryage on the matter.  Therefore, Ms. Leonard's time entries of .5 hours are

unnecessary and redundant. *See Nation Motor Club*, 2013 WL 6729648 at *2 ("[E]ach attorney's contributions must be distinct, and not redundant, in order to merit compensation.").

Fourth, some of the time entries of Defendant Redman's attorney appear to be unnecessary or not related to the Motion for Protective Order. For example, Ms. Cortvriend billed .4 hours for "receipt and review of plaintiff's reply to motion to reopen discovery." [DE 181, p. 2]. Although the reply indicated that the subject subpoenas for discovery had been issued, this time entry is not related to the Motions for Protective Order because Ms. Cortvriend separately billed for "review of plaintiffs notice of filing subpoenas." [DE 181, p. 3]. As another example, Ms. Cortvriend billed a total of .9 hours for conferring with Defendant Syquia's counsel regarding the subpoenas and filing of the motions for protective order. [DE 181, pp. 2-3]. These time entries are unnecessary because Defendants Redman and Syquia did not jointly file any of the Motions for Protective Order or Replies.

Taking into account all of the deficiencies in the billing entries and the excessive nature of time billed, the Court will reduce Defendant Redman's total fee award by 40% and Defendant Syquia's total fee award by 40%. *Squire*, 2013 WL 474705 at *6 (the court engaged in a partial across-the-board cut to the total hours expended by counsel).

*iii.*    *Calculation of Lodestar Amount*

The Court will reduce the total fee awarded to Defendant Syquia by 40%. Here, the Court adjusted Ms. Smeryage's hourly rate to $250.00. Thus, the Court will award $2,805.00 (40% of the 18.7 hours billed by Ms. Smeryage at the reduced hourly rate of $250.00) to Defendant Syquia.

The Court will next reduce the total fee awarded to Defendant Redman by 40% also. Here, the Court adjusted Ms. Contrvriend's hourly rate to $350.00. Therefore, the Court will

award Defendant Redman $3,549.00 (40% of the 16.9 hours billed at the reduced hourly rate of $350.00).

### III.    CONCLUSION

In sum, the Court has carefully reviewed the matter in an effort to realistically, prudently, and objectively determine a reasonable attorney's fee award for Plaintiff pursuant to Rule 37(a)(5)(A).  Under the dictates of that Rule and the facts of this case, and considering all of the underlying facts and circumstances, the Court hereby **ORDERS** that Plaintiff and Plaintiff's counsel, Avery Chapman, Esq., shall reimburse Defendants for their reasonable attorney's fees—Defendant Syquia in the amount $2,805.00 and Defendant Redman in the amount of $3,549.00, for a total of $6,354.00—within twenty days of the date of this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of July, 2017.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE