UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81229-CV-MARRA/MATTHEWMAN

ALEJANDRO ZENDEJAS,

    Plaintiff,

vs.

EUGENIE H. REDMAN,
COLIN J, SYQUIA, and
SIMON NIZRI

    Defendants.
_____/



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT EUGENIE H. REDMAN's BILL OF COSTS AND MEMORANDUM OF LAW [DE 265]

**THIS CAUSE** is before the Court upon Defendant, Eugenie Redman's Bill of Costs and Memorandum of Law in Support ("Motion") [DE 265]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 319. Plaintiff, Alejandro Zendejas ("Plaintiff") filed a Response to the Motion [DE 272] and Defendant filed a Reply [DE 278]. For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge award Defendant costs in the amount of **$23,325.04.**

### I.    BACKGROUND

Plaintiff filed the Complaint in this case on August 31, 2015, seeking damages arising from Plaintiff's purchase of a horse, named Vorst, from Defendant Eugenie Redman. [DE 1]. Following an eight-day jury trial, the jury unanimously found in favor of Defendants Redman and Syquia on all counts. [DE 254]. On August 17, 2017, the Court entered Final Judgment in favor of Defendants and against Plaintiff. [DE 257]. On August 31, 2017, Defendant Redman

1

filed this motion for Bill of Costs and Memorandum of Law in Support [DE 265] pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3. Attached to Defendant's motion is a Bill of Costs, which delineates costs including fees for service of summonses and subpoenas, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and compensation of interpreters and costs of special interpretation services. [DE 265, pg. 10]. Several invoices are attached to the Bill of Costs. [DE 271, pgs.12-48]. Defendant requests a total of $23,734.54 in costs.

## II. **DISCUSSION AND ANALYSIS**

Plaintiff argues that the Court should exercise its discretion and deny Defendant Redman's Motion for Costs because, although Defendant Redman prevailed during trial, she did so with "unclean hands." [DE 272, pg. 1]. Plaintiff asks the Court to deny fees because this case presented close legal questions, and because this case presented a question of great public importance. *Id.* Alternatively, Plaintiff argues that the costs sought by Defendant Redman for deposition transcripts and for copying fees should be reduced. [DE 272, pg. 7].

The Court has discretion in considering a motion to tax costs. *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1330 (S.D. Fla. 2015) (citing *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir.1996)). Although the district court has discretion to deny a prevailing party costs, "such discretion is not unfettered." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir.1995). Where the trial court denies costs, "the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Id.* (citing *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir.1984)).

2

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor Healthcare Corp. v. Lomelo,* 929 F.2d 633, 639 (11th Cir.1991); *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them. Generally, only misconduct by the prevailing party worthy of a penalty will suffice to justify denying costs. *Quinto v. Universal Parking of Fla., LLC*, No. 15-21055-CIV, 2016 WL 8740232, at *2 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 15-21055-CV, 2016 WL 8739322 (S.D. Fla. June 30, 2016) (citing *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1330 (S.D. Fla. 2015); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)).

Plaintiff cites to *Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (denying costs in securities fraud class case, stating there was a "close legal question") to support his contention that this case presented a close legal question and therefore costs should be denied. Plaintiff argues that Defendant Redman "admitted to intentionally concealing material facts about Vorst" and this created several close questions of law, including whether Defendant violated the disclosure requirements of Admin Code 5H; whether Plaintiff was harmed by Defendant Redman's violation of Admin Code 5H, and whether Plaintiff Zendejas' motion for leave to amend to conform to proof should have been granted. [DE 272, pg. 4].

Plaintiff also argues that the Court should exercise its discretion and deny costs to Defendant Redman because this case presented a question of great public importance. [DE 272 pg. 5] Specifically, Plaintiff alleges that this case involved fraud in the lucrative horse sale industry in

Florida, and concerned violations of Admin. Code Chapter 5H-26, which has not yet been extensively litigated in Florida. [DE 272, pg. 6].

The Court has carefully considered Plaintiff's arguments in this regard. However, the Court finds that Plaintiff has failed to overcome the presumption in favor of awarding costs to the prevailing party. *See Quinto,* 2016 WL 8740232, at *2, *report and recommendation adopted,* 2016 WL 8739322; *Valley,* 82 F. Supp. 3d at 1330. First, the jury was able to make clear factual findings after trial, and the district judge denied Plaintiff's motion for leave to amend. [DE 272, pg. 4]. There is no indication that there are close questions of law sufficient to require the denial of costs in this case.

Second, issues of great public importance are primarily present in cases involving civil rights actions. *See Assoc. of Mexican-Am. Educators v. State of California,* 231 F.3d 572, 593 (9th Cir. 2000) (affirming the denial of fees where the case involved issues of substantial public importance like educational quality, interracial disparities in economic opportunity, and access to positions of social influence; and also involved great economic disparity between individual and small nonprofit educational organization plaintiffs and the State of California). Further, Courts have held that even when attorneys litigate matters of great public importance, they are not free from strict compliance with the rules governing taxation of costs. *Johnson v. Mortham,* 173 F.R.D. 313, 320 (N.D. Fla. 1997) (citing *Central Delaware Branch of NAACP v. City of Dover,* 123 F.R.D. 85, 92–93 (D.Del.1988). To hold otherwise would violate the function of Rule 54, which is to provide a summary of requested taxable costs shortly after judgment is entered for "the purpose of permitting a losing party to know the extent of his obligations and decide whether or not to appeal, either to secure reversal or a settlement." *Johnson,* 173 F.R.D. at 320 (citing *Doran v. United States,* 475 F.2d 742, 743–44 (1st Cir.1973)). The Court does not

4

find that a contract dispute over a show-jumping horse rises to the level of such great public importance as to warrant the denial of costs. Accordingly, costs shall be awarded.

### III. LITIGATION EXPENSES AND COSTS

Defendant has filed a Bill of Costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3 seeking to recover total costs of $23,734.54, which were incurred in defending this matter. [DE 265, pg. 10]. Specifically, Defendant seeks costs as follows: (1) $300.00 in fees for service of summonses and subpoenas; (2) $21,133.23 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case and fees for exemplification; (3) $337.40 in costs of making copies of any materials where the copies are necessarily obtained for use in the case and (4) $1,963.91 in costs for compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828. *Id.*

A. **Legal Standard**

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Defendant prevailed at a jury trial, and the Court entered Final Judgment in Defendant's favor and against Plaintiff. *See* DE 254, DE 257.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). This statute provides in part,

A judge or clerk of any court of the United States may tax as costs the following:

5

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

B. <u>Analysis</u>

1. *Service of Process of Subpoenas*

Defendant seeks $300.00 in fees for service of four witness subpoenas, and for one witness fee. [DE 265, pg. 3]. The service of each subpoena cost $65.00. Defendant has attached the invoices. [DE 265, pgs. 12-15]. Defendant states that she is only claiming the statutorily permitted amount for the service of each subpoena, and not what she actually paid. [DE 265, pg. 3]. The subpoenas are for Hess Equine, LLC, Leslie B. Howard, Fairfield Equine Association, and to Geoffrey T. Vernon, D.V.M. *Id.* Defendant also requests a witness fee of $40.00 for Leslie B. Howard. Plaintiff did not object to these costs in his Response. [DE 272].

28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir.2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3). Defendant requests fees for the service of subpoenas at the statutory rate.

6

Further, witness fees are permitted under § 1920(3). The amount of a recoverable witness fee is $40.00 per day, as established in 28 U.S.C. § 1821(b). Therefore, the Court **RECOMMENDS** that the costs or fees for service of process of subpoenas in the amount of $300.00 be awarded to Defendant.

## 2. *Deposition and Transcription Fees*

Defendant has provided invoices from Esquire Deposition Solutions, LLC, Mudrick Court Reporting, Inc., Legal Video & Media Specialists, Inc., Network Deposition Services, Inc., Phipps Reporting, Inc., and Stephen W. Franklin, RMR, CRR, pertaining to transcription or recording services for the depositions of Leslie B. Howard, Plaintiff Zendejas, Simon Nizri, Defendant Redman, Jorge Gomez, D.V.M., Katelyn Hess, Michael Morrissey, Jr., Defendant Syquia, Selina Watt, D.V.M., Diego Ulibarri, D.V.M., and Kenneth Ball (USEF) as well as transcripts of the trial. [DE 265, pgs. 16-43]. The costs included in these invoices add up to $21,133.23.

Plaintiff argues that the deposition costs should not include any delivery costs, costs to expedite the transcripts, costs for condensed transcripts, or costs for digital transcript. Plaintiff also argues (in a footnote) that costs relating to video depositions should be reduced by 50% because Plaintiff had previously agreed to share costs incurred for videographers, but Defendant Redman refused that proposal. [DE 272, pg. 8]. In total, Plaintiff requests a reduction of costs in the amount of $757.22. *Id.*

In her Reply, Defendant Redman concedes that costs should be reduced, but only by $233.00. [DE 278, pg. 4]. Defendant Redman also refutes Plaintiff's claim that he offered to split costs, and states that she made a diligent search for any communication between the parties containing Plaintiff's offer. [DE 278, pgs. 4-5].

A party may recover fees for depositions and transcripts obtained for use in the case. *Aguiar*, 2011 WL 4383224, at *3; *PODS Enters., LLC v. U-Haul Int'l, Inc.*, No. 8:12-cv-01479, 2015 WL 5021668, at *1 (M.D. Fla. Aug. 24, 2015); 28 U.S.C. § 1920(2). "Recoverable costs include deposition transcript costs and attendance fees of the court reporter or *per diem*." *Parrot, Inc. v. Nicestuff Dist. Int'l, Inc.*, No. 06-61231, 2010 WL 680948, at *14 (S.D. Fla. Feb. 24 2010); *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (awarding costs for court reporter's appearance fee and transcript). If a deposition was taken by the non-prevailing party, the prevailing party "may recover the costs associated with obtaining a copy of a deposition transcript." *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662, 2014 WL 4206697, at *5 (S.D. Fla., Aug. 25, 2014). Costs for hearing transcripts are also taxable. *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250, 2014 WL 5325211, at *4 (S.D. Fla. Aug. 20, 2014).

"Normal delivery charges for transcripts are considered reasonable costs associated with depositions and are recoverable." *Parrot, Inc.*, 2010 WL 680948, at *14. If an expedited or rough transcript was necessary, the cost is recoverable. *Barrera*, 900 F. Supp. 2d at 1335 (necessary if it occurred within 30 days of a deadline or motion because the short timeframe required expedited services); *Embroidme.com, Inc.*, 2014 WL 5325211, at *4, 6 (awarding cost of expedited transcripts where, "given the short amount of time" between the deposition and a motion, "the expedited rate was necessary"); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595, 2010 WL 1856060, at *2 (M.D. Fla. May 10, 2010) ("[N]ecessary to obtain expedited transcripts or rough draft transcripts for 12 witnesses deposed shortly before the August 14, 2009 discovery deadline").

The costs of a videographer may be taxed if the party noticed the deposition to be

8

recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party. *Morrison v. Reichold Chem., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996); *PODS Enters.*, 2015 WL 5021668, at *1 ("costs of videotaping depositions" are "taxable as a part of the cost of a videotaped deposition"). Video synchronization fees may also be awarded where they "help the jury and the Court and conserve time." *Frasca*, 2014 WL 4206697, at *6-7. Transcripts are "necessarily obtained for use in the case" where testimony was used in motions or needed for impeachment at trial, the deponent was on the losing party's trial witness list, or the deposition was "necessary to the issues" when taken, even if "use of a deposition is minimal or not critical to that party's ultimate success." *Monelus*, 609 F. Supp. 2d at 1337 (quoting *Lovett v. KLLM, Inc.*, No. 4:05-CV-026, 2007 WL 983192, at * 6 (N.D. Ga. 2007)); *EEOC*, 213 F.2d at 621 (allowing deposition costs where deponent was listed on witness list); *Parrot*, 2010 WL 680948, at *14 (awarding costs for transcripts that were cited in briefs).

In this case, the eleven deposition transcripts were filed with the Court at DE 144, and the transcripts were specifically referred to and relied on by the parties in Defendant's motions for summary judgment, as well as Defendant Syquia and Plaintiff Zendejas' Motions for Summary Judgment. [DE 141, DE 145, DE 147]. All of the non-party deponents were listed as trial witnesses in the parties Joint Pretrial Stipulation. [DE 196]. Portions of the video depositions of the non-party deponents were played at trial, and deposition portions were used for cross examination at trial. [DE 265, pg. 5]. Defendant also stated that she obtained transcripts of the trial for direct and cross examination of witnesses and for her closing argument. *Id.* It is clear that the depositions, video depositions, and the transcripts were reasonably necessary and indeed utilized in this case.

However, the Court agrees with Plaintiff Zendejas' assertion that expedition and delivery costs are not taxable. Therefore, the costs totaling $134.78 for shipping and handling, digital transcripts, and expedited shipping associated with the deposition of Eugenie Redman should not be taxed. [DE 265, pg. 29]. The amount of $165.00 for condensed and digital transcripts, and shipping and handling fees should be deducted from the total costs of Leslie Howard's deposition. [DE 265, pg. 16]. The Court should deduct $10.00 for the shipping and handling of the transcript of Plaintiff's deposition. [DE 265, pg. 21]. As for the deposition costs of Defendant Syquia, Defendant claims that it was Plaintiff who ordered the expedited transcript. [DE 278, pg. 4]. Because there is no evidence as to who ordered the expedited transcript, the Court will split the cost of the expedited transit. Therefore, $99.72 should be deducted from the total deposition costs. Because there is no documentation of any agreement to share costs, the Court will not reduce the costs of the videographer. In light of the foregoing, the Court **RECOMMENDS** that the costs for depositions and transcripts in the amount of $20,723.73 be awarded to Defendant Redman.

3. *Copying Costs*

Defendant is seeking $337.40 in copying costs for trial exhibits comprising of 1,687 pages at $0.20 per page. [DE 265, pg. 6]. With regard to copying costs, Plaintiff argues that Defendant Redman has not presented adequate evidence to demonstrate that the copies were "necessarily obtained" in preparation for trial, because Defendant Redman did not include any details about the purpose of each copy order or the general content of the documents. [DE 272, pg. 8]. Therefore, according to Plaintiff, the Court cannot assess whether the requested charges were necessary and reasonable, and should be denied. [DE 272, pg. 9]. Defendant Redman asserts that she has attached her submission of costs from Carlton Fields' records [DE 265, pgs.

10

47-48], and that the copying costs are for trial exhibits, which included copies of Defendant's 60 trial exhibits (including copies for the Court, witnesses, and Plaintiff's counsel), and a single copy of Plaintiff's 89 trial exhibits.

Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Eleventh Circuit Court of Appeals has further explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623. If copies were necessarily obtained by the prevailing party, the costs are recoverable; if they were obtained merely for the prevailing party's convenience, however, they are not recoverable. *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012). The burden is on the prevailing party to present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

The Court finds that Defendant Redman has sufficiently demonstrated that the copies were made for use at trial. [DE 265, pgs. 47-48]. Accordingly, the Court **RECOMMENDS** that the copying costs of $337.40 requested by Defendant be granted.

### 4. *Interpretation Costs*

Finally, Defendant requests costs in the amount of $1,963.91 in costs for an interpreter. [DE 265, pg. 7]. Defendant included invoices from South Florida Translations, LLC and U.S. Legal Support, Inc. reflecting the costs of $1,963.91 for an interpreter for Plaintiff's deposition and for legal document translation. [DE 265, pgs. 44-46]. Plaintiff did not object to these costs in his Response [DE 272]. Costs for interpreters are taxable under 27 U.S.C. § 1920(6). Therefore,

the Court **RECOMMENDS** that Defendant's request for interpretation costs be granted and that Defendant be awarded costs in the amount of $1,963.91

## IV. CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that Defendant be awarded (1) $300.00 in fees for service of summonses and subpoenas; (2) $20,723.73 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case and fees for exemplification; (3) $337.40 in costs of making copies of any materials where the copies are necessarily obtained for use in the case and (4) $1,963.91 in costs for compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828. Thus, the Court recommends that Plaintiff be required to pay Defendant **$23,325.04** of its total costs. A Judgment against Plaintiff should be entered in this amount with statutory interest. The undersigned also **RECOMMENDS** that the District Court deny Defendant's Bill of Costs [DE 265] in all other respects.

## V. NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to the Report and Recommendation within that time period waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of November, 2018.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE