UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81229-CV-MARRA/MATTHEWMAN

ALEJANDRO ZENDEJAS,

    Plaintiff,

vs.

EUGENIE H. REDMAN,
COLIN J, SYQUIA, and
SIMON NIZRI

    Defendants.
_____/



FILED by _____ D.C.

NOV 0 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT COLIN J. SYQUIA'S BILL OF COSTS AND MEMORANDUM OF LAW [DE 271]

**THIS CAUSE** is before the Court upon Defendant, Colin J. Syquia's Bill of Costs and Memorandum of Law ("Motion") [DE 271]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 319. Plaintiff, Alejandro Zendejas ("Plaintiff") has not filed a response to the Motion. For the reasons that follow, the undersigned **RECOMMENDS** that the District Court award Defendant costs in the amount of **$530.59.**

### I.    BACKGROUND

Plaintiff filed the Complaint in this case on August 31, 2015, seeking damages arising from Plaintiff's purchase of a horse, named Vorst, from Defendant Eugenie Redman. [DE 1]. Following an eight-day jury trial, the jury unanimously found in favor of Defendants Redman and Syquia on all counts. [DE 254]. On August 17, 2017, the Court entered Final Judgment in favor of Defendants and against Plaintiff. [DE 257].

On September 14, 2017, Defendant filed this motion for Bill of Costs and Memorandum

1

of Law in Support [DE 271] pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3. Attached to Defendant's motion is a Bill of Costs, which delineates costs including fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and compensation of interpreters and costs of special interpretation services. [DE 271, pg. 7]. Several invoices are attached to the Bill of Costs. [DE 271, pgs. 9-12]. Defendant requests a total of $530.59 in costs.

## II.   FAILURE OF PLAINTIFF TO RESPOND

Plaintiff has failed to file any response to Defendant Syquia's Motion for Bill of Costs [DE 271] as required by Local Rule 7.1(c). According to Local Rule 7.1(c), failure to file a response "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). Accordingly, this Court grants Defendant's Motion by default. In addition, the Court grants Defendant's Motion on the merits, as discussed below.

## III.   LITIGATION EXPENSES AND COSTS

Defendant has filed a Bill of Costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3 seeking to recover total costs of $530.59, which were incurred in defending this matter. [DE 271, pg. 7]. Specifically, Defendant seeks costs as follows: (1) $343.59 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) $137.00 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and (3) $50.00 in fees for compensation of interpreters and costs of special interpretation services. *Id.*

In Defendant's Bill of Costs and Memorandum of Law in Support [DE 271], Defendant describes the nature of the costs sought to be recovered and the reasons why those costs were incurred.

A. **Legal Standard**

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendant is the prevailing party. Defendant prevailed at a jury trial, and the Court entered Final Judgment in Defendant's favor and against Plaintiff. *See* DE 254, DE 257.

20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

B. **Analysis**

1. *Deposition and Transcription Fees*

Defendant Syquia has provided invoices from Phipps Reporting, Inc. pertaining to transcription services for the deposition of Plaintiff Alejandro Zendejas [DE 271, pg. 9], and from Network Deposition Services, Inc., for the deposition of Kenneth Ball, a representative from the United States Equestrian Federation. [DE 271, pg. 10]. The costs included in these invoices total $343.59. Defendant Syquia relied upon the deposition of Plaintiff Zendejas several times throughout the jury trial. [DE 271, pg. 3]. Defendant Syquia also utilized the deposition of Mr. Ball at trial, heavily relying on USEF records testified to and authenticated by Mr. Ball in his deposition. *Id.* Further, both deponents were listed as trial witnesses in the Joint Pretrial Stipulation, filed on July 20, 2017. [DE 196-1].

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

The Court finds that the depositions of Plaintiff Zendejas and Kenneth Ball, of the United States Equestrian Federation, were necessarily obtained for use in this case and indeed were utilized by Defendant at trial. Plaintiff has not challenged any of Defendant's assertions.

4

Defendant has met his burden of showing that the costs of the deposition transcripts of Plaintiff and Mr. Ball were necessary in this case. Accordingly, this Court RECOMMENDS that costs in the amount of $343.59 be awarded to Defendant.

2. *Copy Fees*

Defendant requests costs in the amount of $137.00 in copying costs, consisting of 548 pages of color photocopying made on August 3, 2017, in preparation for trial. [DE 271, pg. 4]. Defendant claims that the photocopies consisted of copies of exhibits, communications exchanged in discovery, case law, and other trial materials Defendant Syquia relied upon during the jury trial. *Id*. Defendant has attached a fee and disbursements sheet from his counsel documenting the number of photocopies and cost of the copies. [DE 271, pg. 12].

Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Eleventh Circuit Court of Appeals has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623.

The Court finds that Defendant Syquia has demonstrated that the copies were necessarily obtained for use in the case, and therefore the Court RECOMMENDS that copying costs in the amount of $137.00 be awarded to Defendant.

3. *Interpretation Costs*

Finally, Defendant requests costs in the amount of $50.00 in costs for interpreting a Spanish language document that was used in preparation for trial. [DE 271, pg. 5]. Defendant included an invoice from MVP Translations, Inc. reflecting the cost of $50.00 for legal document translation. [DE 271, pg. 11]. Costs for interpreters are taxable under 27 U.S.C. § 1920(6).

5

Therefore, the Court RECOMMENDS that Defendant's request for interpretation costs be granted and that Defendant be awarded costs in the amount of $50.00.

## IV. CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendant Syquia's Bill of Costs and Memorandum of Law [DE 271] and further **RECOMMENDS** that Defendant shall be awarded (1) $343.59 for deposition costs; (2) $137.00 in copying costs, and (3) $50.00 in interpreter fees. Plaintiff should be ordered to pay Defendant total costs in the amount of **$530.59,** and a judgment be entered accordingly with appropriate statutory interest.

## IV. NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to the Report and Recommendation within that time period waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of November, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE